IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

MALIK DOUGLAS, et al.,

   Plaintiffs,

     v.

DEKALB COUNTY, GEORGIA, et al.,

   Defendants.

CIVIL ACTION FILE
NO. 1:06-CV-0584-TWT

ORDER

This is a civil rights action asserting federal and state law claims. It is before the Court on the Defendants' Motion for Dismissal of Plaintiffs' Redundant and Impermissible Claims [Doc. 26]. The motion is GRANTED in part and DENIED in part.

I. BACKGROUND

Plaintiffs Malik Douglas, Shane Smith, and Jimmy Faust are three police officers who contend that they were inappropriately disciplined and discharged by DeKalb County after they engaged in police union activity. They have brought this action against Defendant DeKalb County, Georgia, and against the following individuals in both their official and individual capacities: Police Chief Louis Graham,

Assistant Chief R. P. Flemister, Captain and Commander of Internal Affairs Thomas Lane, and Chief Executive Officer Vernon Jones. The Plaintiffs have asserted claims against all of the Defendants under 42 U.S.C. § 1983 for violations of the First Amendment's free speech and association clauses. Plaintiff Douglass is asserting claims against all of the Defendants for slander and tortious interference with contract. Plaintiff Smith asserts claims of race discrimination. He argues that the Defendants violated his equal protection rights, and he seeks to remedy this violation under both 42 U.S.C. § 1983 and 42 U.S.C. § 1981.

The Defendants have filed this Motion for Dismissal of Plaintiffs' Redundant and Impermissible Claims [Doc. 26]. The Defendants seek to dismiss four types of claims: (1) the section 1983 claims against the four individual defendants in their official capacities; (2) Plaintiff Smith's section 1981 claim against DeKalb County; (3) the state law claims against the County; and (4) the state law claims against the individual defendants in their official capacities.

## II. MOTION TO DISMISS

A complaint should be dismissed under Rule 12(b)(6) only where it appears beyond doubt that no set of facts could support the plaintiff's claims for relief. Fed. R. Civ. P. 12(b)(6); see Conley v. Gibson, 355 U.S. 41, 47 (1957); Linder v. Portocarrero, 963 F.2d 332 (11th Cir. 1992). In ruling on a motion to dismiss, the

court must accept the facts pleaded in the complaint as true and construe them in the light most favorable to the plaintiff, or in this case.  See Quality Foods de Centro America, S.A. v. Latin American Agribusiness Dev. Corp., S.A., 711 F.2d 989, 994-95 (11th Cir. 1983).  Generally, notice pleading is all that is required for a valid complaint.  See Lombard's, Inc. v. Prince Mfg., Inc., 753 F.2d 974, 975 (11th Cir. 1985), cert. denied, 474 U.S. 1082 (1986).  Under notice pleading, the plaintiff need only give the defendant fair notice of the plaintiff's claim and the grounds upon which it rests.  Id.

## III.  DISCUSSION

The Defendants first argue that all of the Plaintiffs' section 1983 claims against the four individual defendants in their official capacities should be dismissed.  They argue that official capacity claims are "actually against the County itself, and thus are redundant and potentially confusing to a jury."  (Defs.' Mot. to Dismiss, at 2.)  They cite Payne v. DeKalb County, 414 F. Supp. 2d 1158, 1179 (N.D. Ga. 2004) (quoting Kentucky v. Graham, 473 U.S. 159, 165 (1985)), for the proposition that official capacity suits "generally represent only another way of pleading an action against an entity of which an officer is an agent."  Since only the government's assets are on the line in official capacity suits, adding the individual defendants in their official

capacity "is merely superfluous and adds nothing more to the plaintiff's case . . ." Id.

Although it may be redundant to name the four individual defendants in their official capacities, the "jury confusion" argument makes little sense at this stage in the case. There is no real harm to maintaining the Defendants in the suit in their official capacity. Thus, the Court need not dismiss such "redundant" claims at this time, although the Defendants are obviously free to renew the motion in the event that the case goes to trial.

Second, the Defendants argue that Plaintiff Smith's section 1981 claim against DeKalb County must be asserted under section 1983. The Defendants point the Court to Butts v. Volusia County, 222 F.3d 891 (2000). Butts held that section 1983 contains "the sole cause of action against state actors for violations of section 1981." Id. at 892. In Butts, the Eleventh Circuit rejected the argument that the Civil Rights Act of 1991 created an implied private remedy under section 1981. See 42 U.S.C. § 1981(c). Plaintiff Smith's independent section 1981 claim, to the extent that he was alleging one, is dismissed. He may, however, still assert his rights under section 1981, but only by relying upon the remedial provisions of section 1983.

Third, the Defendants contend that the Plaintiffs' state law tort claims against DeKalb County are barred by sovereign immunity. Georgia law provides that "[a]

county is not liable to suit for any cause of action unless made so by statute." O.C.G.A. § 36-1-4.  The Plaintiffs have not referred the Court to any statute suggesting that DeKalb County's immunity has been waived.[1]  Furthermore, the Georgia Constitution, as amended in 1991, extends sovereign immunity to counties. Ga. Const. art 1, § 2, para. IX(e); see also Gilbert v. Richardson, 264 Ga. 744, 747 (Ga. 1994) (interpreting the 1991 amendment's extension of sovereign immunity to "the state and its department and agencies" as also applying to counties).  Thus, the Plaintiffs' state law tort actions against the County should be dismissed.

Fourth, the Defendants argue that Plaintiff Douglas's state law tort claims against the four individual defendants in their official capacities must be dismissed because of the County's sovereign immunity. "Suits against public employees in their official capacities are in reality suits against the state, and, therefore, involve sovereign immunity." Cameron v. Lang, 274 Ga. 122, 126 (Ga. 2001).  Although the Defendants are correct that sovereign immunity protects state officials from the imposition of retrospective monetary damages, "sovereign immunity has *never* applied to bar [actions] seeking injunctive relief." International Bus. Machines Corp. v. Evans, 265 Ga. 215, 217 (Ga. 1995).  Thus, to the extent that Plaintiff Douglas is

---

[1] Indeed, the Plaintiffs have not even responded to this Motion.

seeking injunctive relief on the grounds that the state officials acted beyond the scope of their official power, his claims are not barred by sovereign immunity.

## IV. CONCLUSION

The Defendants' Motion for Dismissal of Plaintiffs' Redundant and Impermissible Claims [Doc. 26] is GRANTED in part and DENIED in part. Specifically, the Defendants' motion to dismiss all section 1983 claims against the individual defendants in their official capacity is DENIED. The Defendants' motion to merge Plaintiff Smith's independent section 1981 claim with his section 1983 claim is GRANTED. The Defendants' motion to dismiss the Plaintiffs' state law tort claim against DeKalb County is GRANTED. The Defendants' motion to dismiss Plaintiff Douglas's state law tort claims against the individual defendants in their official capacities is GRANTED with regards to retrospective monetary damages, but DENIED with regards to prospective, injunctive relief.

SO ORDERED, this 26 day of February, 2007.

/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge